JOSEPH H. HUNT
Assistant Attorney General
Civil Division
GUSTAV W. EYLER
Acting Director
KENDRACK D. LEWIS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice,
Civil Division
P.O. Box 386
Washington, DC  20044-0386
Telephone: (202) 353-3881
Fax: (202) 514-8742
kendrack.lewis@usdoj.gov

ALYSA S. BERNSTEIN
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC  20580
Telephone: (202) 326-3289
abernstein@ftc.gov

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
EUREKA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LAWRENCE L. DUSKIN, individually, and also doing business as HollywoodColorContacts.com, WorldColorContacts.com, and TopModelContacts.com,<br><br>    Defendant. | Case No. <u>1:18-cv-7359</u><br><br>**COMPLAINT FOR CIVIL PENALTIES, PERMANENT  INJUNCTION, AND OTHER EQUITABLE RELIEF** |

Plaintiff, the United States of America, acting upon notification and on behalf of the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges that:

1. Plaintiff brings this action under Sections 9(a) and 9(b) of the Fairness to Contact Lens

COMPLAINT FOR CIVIL PENALTIES

Consumers Act ("FCLCA"), 15 U.S.C. §§ 7608(a) and (b), and Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a)(1), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a)(1), and 57b, to obtain monetary civil penalties, a permanent injunction, and other equitable relief for Defendant's violations of the Contact Lens Rule ("Rule"), 16 C.F.R. Part 315.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a) and (m)(1)(A), 53(b), 56(a), and 7608(a).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1395(a), and 15 U.S.C. § 53(b).

## INTRADISTRICT ASSIGNMENT

4. The conduct at issue in this action took place in substantial part in Lake County.

## DEFINITIONS

5. For purposes of this Complaint, the terms "contact lens," "contact lens prescription," "direct communication," and "prescriber" are defined as those terms are defined in Section 315.2 of the Rule, 16 C.F.R. § 315.2.

## THE CONTACT LENS RULE

6. Congress enacted the FCLCA, 15 U.S.C. §§ 7601-7610, in 2003. The FCLCA directed the FTC to promulgate a trade regulation rule implementing the FCLCA. The Commission promulgated the Rule, 16 C.F.R. Part 315, on July 2, 2004, pursuant to Section 8 of the FCLCA, 15 U.S.C. § 7607, and Section 553 of the Administrative Procedure Act, 5 U.S.C. § 553. The Rule went into effect on August 2, 2004.

7. On November 9, 2005, Congress amended the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301-399, to state that all contact lenses, including non-corrective, decorative ("plano") contact lenses, are medical devices that require a prescription. 21 U.S.C. § 360j(n). Consequently, the Rule applies to both corrective and plano contact lenses.

COMPLAINT FOR CIVIL PENALTIES

8. Under the Rule, contact lens sellers may sell contact lenses only in accordance with a contact lens prescription for the patient that is either presented to the seller or verified by direct communication with the prescriber.  16 C.F.R. § 315.5(a).

9. The Rule further requires contact lens sellers to maintain records of the contact lens prescriptions presented to the seller, the seller's verification requests, and direct communications from prescribers.  16 C.F.R. § 315.5(f).

10. Pursuant to Section 9(a) of the FCLCA, 15 U.S.C. § 7608(a), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice, in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

**DEFENDANT**

11. Defendant Lawrence L. Duskin owns and also does business through his websites at HollywoodColorContacts.com, WorldColorContacts.com, and TopModelContacts.com.  His principal place of business is in Kelseyville, CA.  At all times material to this Complaint, Defendant has advertised, marketed, distributed, or sold plano contact lenses to consumers through the websites at HollywoodColorContacts.com, WorldColorContacts.com, and TopModelContacts.com.  In connection with the matters alleged herein, Defendant resides and transacts, or has transacted, business in this district.

12. At all times material to this Complaint, individually, or in concert with others, Defendant has formulated, directed, controlled, and participated in the acts and practices set forth in this Complaint.

**COMMERCE**

13. The acts and practices of Defendant alleged in this Complaint have been in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANT'S COURSE OF CONDUCT**

14. Since at least January 2014, Defendant has advertised and sold plano contact lenses to consumers through his websites, www.HollywoodColorContacts.com, WorldColorContacts.com, and

COMPLAINT FOR CIVIL PENALTIES

TopModelContacts.com.

15. Defendant has sold plano contact lenses to consumers without obtaining the consumers' contact lens prescriptions or verifying the prescriptions by direct communication with the prescribers.

16. Defendant has failed to maintain records of the consumers' contact lens prescriptions, Defendant's verification requests, or Defendant's direct communications from the contact lens prescribers.

## DEFENDANT'S VIOLATIONS OF THE CONTACT LENS RULE

17. In numerous instances, in connection with the advertising and sale of plano contact lenses, Defendant has sold plano contact lenses to consumers without obtaining the consumers' contact lens prescriptions or verifying the prescriptions by direct communication with the prescribers in violation of Section 315.5(a) of the Contact Lens Rule, 16 C.F.R. § 315.5(a).

18. In numerous instances, in connection with the advertising and sale of plano contact lenses, Defendant has failed to maintain records of the consumers' contact lens prescriptions, the Defendant's verification requests, and Defendant's direct communications from the contact lens prescribers in violation of Section 315.5(f) of the Contact Lens Rule, 16 C.F.R. § 315.5(f).

## DEFENDANT'S VIOLATIONS OF THE FTC ACT

19. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

20. Pursuant to Section 9(a) of the FCLCA, 15 U.S.C. § 7608(a), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice, in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

21. By and through the acts and practices described in Paragraphs 16-17 above, Defendant has violated Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

## THE COURT'S POWER TO GRANT RELIEF

22. Defendant has violated the Rule as described above with the knowledge required by

COMPLAINT FOR CIVIL PENALTIES

Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

23. Each sale of plano contact lenses that was completed from January 2014 through the filing of this Complaint, and each failure to maintain records for such sales, that violates the Rule in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

24. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and Section 1.98(d) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(d), authorize this Court to award monetary civil penalties of not more than $41,484 for each such violation of the Rule.

25. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction against Defendant's violations of the FTC Act, as well as such ancillary relief as may be just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 57b, and the Court's own equitable powers, requests that the Court:

(1) Enter a permanent injunction to prevent future violations of the FTC Act and the Contact Lens Rule by the Defendant;

(2) Award Plaintiff monetary civil penalties from Defendant for each violation of the Rule alleged in this Complaint; and

(3) Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

COMPLAINT FOR CIVIL PENALTIES

1  DATED this 6th day of December, 2018.

FOR THE UNTIED STATES OF AMERICA:

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

JAMES M. BURNHAM
Deputy Assistant Attorney General

GUSTAV W. EYLER
Acting Director

_____/S/_____
KENDRACK D. LEWIS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice, Civil Division
P.O. Box 386
Washington, DC 20044-0386
Tel: (202) 353-3881
kendrack.lewis@usdoj.gov

FOR THE FEDERAL TRADE COMMISSION:

_____/S/_____
ALYSA S. BERNSTEIN
Staff Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Room CC-10561
Washington, D.C.  20580
abernstein@ftc.gov
(202) 326-3289

COMPLAINT FOR CIVIL PENALTIES

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
GUSTAV W. EYLER
Acting Director
KENDRACK D. LEWIS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice,
Civil Division
P.O. Box 386
Washington, DC  20044-0386
Telephone: (202) 353-3881
Facsimile: (202) 514-8742

ALYSA S. BERNSTEIN
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC  20580
Phone: (202) 326-3289

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
EUREKA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LAWRENCE L. DUSKIN, individually, and also doing business as HollywoodColorContacts.com, WorldColorContacts.com, and TopModelContacts.com,<br><br>    Defendant. | Case No. <u>1:18-cv-7359</u><br><br>**[Proposed] STIPULATED ORDER FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER RELIEF** |

Plaintiff, the United States of America, acting upon notification and on behalf of the Federal Trade Commission ("Commission"), filed its Complaint for Civil Penalties, Permanent Injunction, and Other Equitable Relief, ("Complaint"), pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a)(1), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a)(1),

and 57b. Defendant has waived service of the summons and the Complaint. Plaintiff and Defendant stipulate to the entry of this Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint states a claim upon which relief may be granted against Defendant under Sections 9(a) and 9(b) of the Fairness to Contact Lens Consumers Act ("FCLCA"), 15 U.S.C. §§ 7608(a) and (b), and Sections 5(a)(1), 5(m)(l)(A), 13(b), 16(a), and 19(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b(a)(l).

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5. Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## ORDER

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. "**Contact lens**" means any contact lens for which State or Federal law requires a prescription.

2. "**Defendant**" means Lawrence L. Duskin, individually, and also doing business as HollywoodColorContacts.com, WorldColorContacts.com, TopModelContacts.com, and any

combination of the foregoing.

## I. BAN ON SELLING CONTACT LENSES

**IT IS ORDERED** that Defendant is permanently restrained and enjoined from advertising, marketing, promoting, dispensing, or selling, or assisting others in advertising, marketing, promotion, dispensing, or selling, contact lenses.

## II. MONETARY JUDGMENT FOR CIVIL PENALTY AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED that:**

A. Judgment in the amount of $575,000 is entered in favor of Plaintiff against Defendant as a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(l)(A).

B. Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, $60,000 which, as Defendant stipulates, his undersigned counsel holds in escrow for no purpose other than payment to Plaintiff. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C. The Commission and Plaintiff's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. Financial Statement of Defendant signed on February 9, 2018, including the attachments;

2. Additional documentation submitted from Defendant's counsel on June 4, 2018 and June 7, 2018, including a letter from Defendant's tax preparer and 1099-R forms from 2014 and 2017;

3. Additional documentation submitted from Defendant's counsel on June 18, 2018, including Defendant's 2017 tax returns; 1099-R forms from 2014, 2015, 2016 and 2017; and

brokerage account statements dated 1/1/2018 to 3/3/2018 and for 4/1/2018 to 4/30/2018; and

4. Additional documentation submitted from Defendant's counsel on June 25, 2018, consisting of a letter dated June 8, 2018.

D. The suspension of the judgment will be lifted if, upon motion by the Commission or Plaintiff, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E. If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection A. above (which the parties stipulate only for purposes of this Section represents the amount of civil penalty for the violations alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

### III.   ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED that:**

A. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C. Defendant agrees that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D. Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## IV. ORDER OF ACKNOWLEDGMENT

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury;

B. For 5 years after entry of this Order, Defendant, for any business for which he is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## V. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A. One hundred and eighty days after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury, that:

1. Identifies all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

2. Identifies all business activities, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest; and

3. Describes in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

4. Identifies the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Plaintiff may use to communicate with Defendant;

5. Identifies all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

6. Describes the activities of each business, including the goods and services offered, and the means of advertising, marketing, and sales;

7. Describes in detail whether and how Defendant is in compliance with each Section of this Order; and

8. Provides a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Any designated point of contact;

2. The structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or

affiliate that engages in any acts or practices subject to this Order;

3. Name, including aliases or fictitious name, or residence address; and

4. Title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: United States v. Lawrence L. Duskin, [**INSERT X NUMBER**].

## VI. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant for any business for which he is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D. Copies of all unique sales scripts, training materials, advertisements, or other marketing materials for contact lenses; and

E. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

### VII.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission or Plaintiff is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with

Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission or Plaintiff, any consumer reporting agency must furnish consumer reports concerning Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## VIII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** this _____ day of _____, 2018.

_____
ROBERT M. ILLMAN
UNITED STATES MAGISTRATE JUDGE

**SO STIPULATED AND AGREED:**

| | |
|---|---|
| **FOR DEFENDANT:** | **FOR PLAINTIFF UNITED STATES OF AMERICA:** |

*[signature]*

KAVON ALDI, ESQ.
SETH W. WIENER ESQ.
The Internet Law Group
609 Karina Court
San Ramon, CA  94582
(310)910-1496 (Adli)
(925)487-5607 (Wiener)
(310)356-3257 (facsimile)
kavon@tilg.us, seth@tilg.us
Counsel for Lawrence L. Duskin

**DEFENDANT:**

*[signature]*

LAWRENCE L. DUSKIN

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

JAMES M. BURNHAM
Deputy Assistant Attorney General

GUSTAV W. EYLER
Acting Director

_____/S/_____
KENDRACK D. LEWIS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice, Civil Division
P.O. Box 386
Washington, DC 20044-0386
Telephone: (202) 353-0386
kendrack.lewis@usdoj.gov

**FOR FEDERAL TRADE COMMISSION:**

_____/S/_____
Alysa S. Bernstein, Attorney
Federal Trade Commission
Washington, DC 20580
(202) 326-3289 (telephone)
(202) 326-3259 (facsimile)
abernstein@ftc.gov

JS-CAND 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
The United States of America

**DEFENDANTS**
LAWRENCE L. DUSKIN, individually, and also doing business as HollywoodColorContacts.com, WorldColorContacts.com, and TopModelContacts.com

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Lake County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See attachment

Attorneys *(If Known)*
See attachment

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 740 Railway Labor Act | 835 Patent–Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury -Medical Malpractice / 385 Property Damage Product Liability | **IMMIGRATION** | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 462 Naturalization Application | 864 SSID Title XVI | [x] 890 Other Statutory Actions |
| **REAL PROPERTY** | 440 Other Civil Rights / **HABEAS CORPUS** | 465 Other Immigration Actions | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations / 530 General | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 240 Torts to Land | 445 Amer. w/Disabilities– Employment / 535 Death Penalty | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 446 Amer. w/Disabilities–Other / **OTHER** | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 448 Education / 540 Mandamus & Other | | | |
| | 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee– Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §§ 7601-7610; 16 C.F.R. 315; and 15 U.S.C. §45
Brief description of cause:
Selling of contact lenses without obtaining consumers' prescriptions.

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.
DEMAND $ 60,000.00 Permanent Injunction
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

**VIII. RELATED CASE(S), IF ANY** *(See instructions)*:
JUDGE
DOCKET NUMBER

**IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)**
*(Place an "X" in One Box Only)*
[ ] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE   [x] EUREKA-MCKINLEYVILLE

DATE 12/06/2018   SIGNATURE OF ATTORNEY OF RECORD

# ATTACHMENT

**ATTORNEYS FOR PLAINTIFF UNITED STATES OF AMERICA:**

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

JAMES M. BURNHAM
Deputy Assistant Attorney General

GUSTAV W. EYLER
Acting Director

KENDRACK D. LEWIS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice, Civil Division
P.O. Box 386
Washington, DC 20044-0386
Telephone: (202) 353-3881
Facsimile: (202) 514-8742
kendrack.lewis@usdoj.gov

**ATTORNEY FOR FEDERAL TRADE COMMISSION:**

Alysa S. Bernstein, Attorney
Federal Trade Commission
Washington, DC 20580
(202 )326-3289 (telephone)
(202) 326-3259 (facsimile)
abernstein@ftc.gov

**ATTORNEYS FOR DEFENDANT:**

KAVON ALDI, ESQ.
SETH W. WIENER ESQ.
The Internet Law Group
609 Karina Court
San Ramon, CA  94582
(310) 910-1496 (Adli)
(925) 487-5607 (Wiener)
(310) 356-3257 (facsimile)
kavon@tilg.us, seth@tilg.us
Counsel for Lawrence L. Duskin